Filed 12/13/21  P. v. Ellis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GERALD ELLIS,<br><br>        Defendant and Appellant. | C092613<br><br>(Super. Ct. No. 05F03831) |

Defendant Gerald Ellis challenges the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (unspecified statutory section citations that follow are to the Penal Code) based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Defendant contends the trial court erred in relying on the jury's special circumstance finding to deny his petition.  We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant participated in a home invasion robbery with three others.  (*People v. Ellis* (Mar. 5, 2008, C054797) [nonpub. opn.] (*Ellis*).)  On our own motion, we take

1

judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) During the robbery, one of the assailants shot and killed Donald Willis. (*Ellis*, at p. 3.) The jury convicted defendant of first degree robbery in concert and first degree murder, and found the murder occurred during the commission of a robbery (Pen. Code, § 190.2, subd. (d)). He was sentenced to life without the possibility of parole. (*Ellis,* at p. 1.)

Defendant appealed, arguing there was insufficient evidence to support the robbery-murder special circumstance. (*Ellis, supra*, C054797 at p. 1.) We affirmed, finding there was substantial evidence defendant both acted with reckless disregard for human life and was a major participant in the robbery. (*Id*. at pp. 11, 12.)

On February 13, 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. On the form, he checked various boxes stating that a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant also checked the boxes stating that he was not the actual killer, did not aid or abet with the intent to kill, and was not a major participant in the felony or acted with reckless indifference to human life. The prosecutor filed a response and motion to dismiss and defense counsel filed an opposition.

On July 23, 2020, the trial court filed a written order denying the petition. The trial court provided two reasons, first that: "In finding the robbery-murder special circumstance true, the jury necessarily found that [defendant] either was the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with reckless indifference to human life. And, on appeal, the Third District Court of Appeal held that the evidence was sufficient to show that [defendant] had been a major participant in the

2

robbery who acted with reckless indifference to human life . . . ." Second, the trial court found defendant could not challenge the validity of the special circumstance finding under the recent California Supreme Court cases *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) through a section 1170.95 petition. But even if defendant could, the trial court cited the facts of defendant's case from our prior opinion and found that the special circumstance would still be valid even after *Banks* and *Clark*.

## DISCUSSION

Defendant argues the trial court was required to issue an order to show cause because his petition established a prima facie showing of eligibility under section 1170.95. He contends the trial court erred in summarily denying defendant's petition on the special circumstance finding because, in *Banks* and *Clark* decided after his trial, our Supreme Court modified the analysis for "major participant" and "reckless indifference to human life."

## I

### *Senate Bill 1437 and Special Circumstance Finding*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in

3

the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory . . . ." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In performing this preliminary screening function, trial courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.) And prior appellate opinions in a defendant's case "are generally considered to be part of the record of conviction." (*Id*. at p. 972.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a),

4

which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life."  (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.)  Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437.  (§ 189, subd. (e).)

That is the case here.  The jury necessarily found that defendant was at a minimum a major participant who acted with reckless indifference to human life.  This means he could still be found guilty of felony murder even after Senate Bill 1437, rendering him ineligible for resentencing as a matter of law.  We also analyzed the special circumstance finding in our prior opinion and concluded it was supported by substantial evidence.  This conclusion is law of the case and is binding.  (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1106.)  And as part of the record of conviction, the trial court could properly rely on this finding to deny defendant's section 1170.95 petition.

II

*Special Circumstance finding after* Banks *and* Clark

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute."  (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, abrog. on another ground by *People v. Lewis* (2021) 11 Cal.5th 952, 963.)  In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis.  (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)  A reversal of a special circumstance finding can qualify a defendant for resentencing under Senate Bill 1437 through section 1170.95.  (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court had previously determined on a habeas petition that the defendant

5

was not a major participant in the underlying felony and did not act with reckless indifference to human life, the trial court was required to vacate the defendant's murder conviction and resentence him under § 1170.95].)

But challenging a special circumstance finding under the *Banks*/*Clark* analysis is reserved for a habeas petition. There is a split of authority on this issue and whether a defendant with a special circumstance finding must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 (*Gomez*) [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 (*Galvan*) [same], review granted Oct. 14, 2020, S264284; *People v. York* (2020) 54 Cal.App.5th 250, 260 (*York*) ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.)

Defendant recognizes the cases that disagree with his position, but asks us to follow contrary case law that instead finds a *Banks*/*Clark* challenge can be brought in a section 1170.95 petition. We will not do so.

We instead agree with those authorities finding section 1170.95 is not the appropriate avenue to challenge a special circumstance finding under *Banks* and *Clark*. (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted; *Galvan, supra* 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison* (2020) 55 Cal.App.5th 449, 458-462 (*Allison*); *People v. Jones* (2020) 56 Cal.App.5th 474, 491-492, review granted Jan. 27, 2021, S265854.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 *because of* Senate Bill 1437.

6

(Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].)  One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.)  Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Sen. Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a section 1170.95 hearing).  (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)  Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides in pertinent part:  "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."  This provision requires trial courts to grant a section 1170.95 petition if a court has reversed a special circumstance finding under *Banks* and *Clark*.  (*People v. Ramirez, supra*, 41 Cal.App.5th at p. 933.)

Defendant relies on *York, supra*, 54 Cal.App.5th 250, which found the defendant may bring a *Banks*/*Clark* challenge through a section 1170.95 petition.  The *York* court reasoned that because the statute does not include a counterpart to subdivision (d)(2) accounting for a situation where there is a prior finding that a petitioner *did* act with

7

reckless indifference to human life and was a major participant in the underlying felony, such a finding should not preclude a petitioner from relief. (*York*, at pp. 260-261, review granted.) But this reasoning ignores that sections 188 and 189 after Senate Bill 1437 maintain liability for murder for those who were major participants who acted with reckless indifference to human life. This situation is therefore accounted for in section 1170.95 because petitioners who had been found to have acted in such a manner would not satisfy the requirement for eligibility that they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) This is defendant's circumstance.

The *York* court also analyzed the "because of" Senate Bill 1437 provision, finding that "even a petitioner who successfully challenged a special circumstance finding after *Banks* and *Clark*, but before Senate Bill 1437 became effective, remained convicted of murder. [Citation.] It took the changes wrought by Senate Bill 1437 to permit the challenge to the murder conviction itself." (*York, supra*, 54 Cal.App.5th at p. 261, review granted.) This analysis only confirms our conclusion. For defendants with a special circumstance finding before *Banks* and *Clark*, there is an initial step before being eligible for relief—invalidation of the special circumstance finding. Such invalidation, and eventual eligibility, would not occur *because of* Senate Bill 1437, but because of habeas relief under the Supreme Court's analysis in *Banks* and *Clark*, or some other invalidating mechanism outside of Senate Bill 1437. Without this first step, there is a valid finding that the defendant was a major participant who acted with reckless indifference to human life, and even after Senate Bill 1437, this finding can justify a murder conviction.

*Banks* and *Clark* also did not change the law, but merely clarified the same principles that existed earlier. (See *Allison, supra*, 55 Cal.App.5th at p. 457; see also *In re Miller, supra*, 14 Cal.App.5th at p. 978.) The pattern jury instructions remain the same; *Banks* and *Clark* merely resulted in the addition of optional language thereto. (*Allison,* at p. 457.)

We conclude, therefore, a section 1170.95 petition is not the proper avenue to challenge a special circumstance finding. And since defendant's special circumstance finding was not previously overturned through a habeas corpus proceeding, the trial court here properly denied defendant's section 1170.95 petition.

Finally, defendant also argues the trial court performed an improper factual analysis to deny the petition when it determined the there was substantial evidence to support the major participant and reckless indifference findings under *Banks* and *Clark*. Even if this portion of the trial court's analysis went beyond its authority at the prima facie stage, its initial reliance on the special circumstance finding by itself was appropriate to justify the denial, and we will affirm a judgment correct on any legal basis. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 269 ["There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct"].)

## DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.

_____
HULL, Acting P. J.

We concur:

_____,
RENNER, J.

_____
KRAUSE, J